# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES THAREHELLE BLACK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-1258-G |
| | ) |
| **LT. RUSSELL et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff James Tharehelle Black, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983, alleging violations by eighteen Defendants[1] of his constitutional rights while housed at the Lawton Correctional and Rehabilitation Facility ("LCRF"). This matter was referred to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636(b)(1).

After Judge Mitchell ordered that service of the Complaint be made, Defendants Russell, McClinsey, Vallejo, Campbell, Hatfield, Keller, and Rogers (collectively, "the LCRF Defendants") filed a Motion to Dismiss/Motion for Summary Judgment (Doc. No. 47), as well as a Special Report (Doc. No. 40). Plaintiff filed a Response (Doc. No. 58), and the LCRF Defendants replied (Doc. No. 59). Defendant Honaker also filed a Motion to Dismiss (Doc. No. 43), to which no separate response was made.

---

[1] The named defendants are Lt. Russell, Mr. McClinsey (C.O.), Mr. Vallejo (C.O.), Sgt. Campbell, Sgt. Hatfield (Seg. Supervisor), Sgt. Keller, Sgt. Rogers, Mr. Bates (C.O.), Sgt. Nicholes, Mr. Jones (Unit Manager), Mr. Honaker (Health Care Administrator), and Warden Smith. Plaintiff also identifies six Jane Doe/John Doe defendants. *See* Compl. (Doc. No. 1) at 4-7.

On September 28, 2021, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 68), in which she recommended granting summary judgment or dismissal to certain defendants and that Plaintiff's remaining claims be dismissed on screening for failure to state a claim upon which relief can be granted. Judge Mitchell additionally recommended that Plaintiff's requests for injunctive relief and to amend his pleading be denied. *See id.* at 30. In the R. & R., Judge Mitchell advised the parties of their right to object to the R. & R. by October 19, 2021. Judge Mitchell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions presented in the R. & R. *See id.* at 31.

No objection was filed by any defendant. The Court granted Plaintiff two extensions of time to "file an objection to the Report and Recommendation issued September 28, 2021." Order of Oct. 27, 2021 (Doc. No. 70) at 1; Order of Nov. 22, 2021 (Doc. No. 72) at 1. Despite these extensions, Plaintiff did not submit an objection to the R. & R.[2]

## CONCLUSION

Accordingly, the Report and Recommendation issued September 28, 2021 (Doc. No. 68) is ADOPTED in its entirety. Specifically:

- The LCRF Defendants' Motion (Doc. No. 47), construed as a motion for summary

---

[2] Plaintiff instead submitted an unauthorized second response (Doc. Nos. 73, 74) to the LCRF Defendants' Motion to Dismiss/Motion for Summary Judgment. The Court has considered and liberally construed this filing but, even assuming it constituted a proper objection triggering de novo review under 28 U.S.C. § 636(b)(1), does not find that anything presented therein would undermine Judge Mitchell's well-reasoned recommendations or permit Plaintiff's claims of violation of due process and the Eighth Amendment to proceed against any defendant.

2

judgment, is GRANTED. Judgment shall be entered in favor of the LCRF Defendants, as well as Defendant Bates, Defendant Nicholes, Defendant Jones, the unnamed and unserved LCRF John Doe Defendants, and the Jane Doe medical Defendants.

- Defendant Honaker's Motion to Dismiss (Doc. No. 43) is GRANTED.

- Plaintiff's remaining constitutional claims are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

- Plaintiff's requests for injunctive relief, discovery, and amendment (Doc. Nos. 1, 51, 55, 65, 75) are DENIED.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 22nd day of March, 2022.

_____
CHARLES B. GOODWIN
United States District Judge

---

[3] Plaintiff's discovery requests primarily sought to determine the names of the Jane Doe/John Doe defendants. To the extent Plaintiff sought other information, he did not contend that such information was essential to defeat summary judgment or otherwise raise any argument implicating Federal Rule of Civil Procedure 56(d).